# The Attorney General
# Of Texas



Gerald C. Mann
XXXXXXXXXXXXXXXXXXX

JOHN BEN SHEPPERD
ATTORNEY GENERAL

Hon. T. M. Trimble
First Assistant State
Superintendent of
Public Instruction
Austin, Texas

Opinion No. O-4817

Re: Whether school district may compel
bondholders to consent to refund-
ing program.

Dear Sir:

We have received your letter of recent date in which you enclose a letter from Mr. Dana Williams, Superintendent of the Tenaha Public Schools, to Dr. L. A. Woods, State Superintendent. We quote the following from Mr. William's letter:

"1. Where a school district has several sep-
arate bond issues and wishes to refund all of the
bonds in one of those issues, and said school dis-
trict obtains the consent of a majority of the
bond owners to such a refunding program, can such
a school district force the remaining bondholders
by way of mandamus to consent to such a refunding
program?

"For example: Our school district has five
distinct and separate bond issues. We are attempt-
ing to refund one of these issues--such issue be-
ing in the amount of $18,200.00. The owners of
$10,300 worth of these bonds have consented to our
refunding plan. Question: Can this school district
force the owners of the remaining $7,900.00 worth
of these bonds to consent to this plan? These bonds
have no option date for purchase."

We are informed that the State Board of Education owns for the benefit of the Permanent School Fund more than one-third of all the outstanding bonds of the Tenaha Independent School District. It is, thus, apparent that resort to the Federal Bankruptcy Act may not be had for a plan of composition, for the reason that the requirement of consent of 66-2/3% of the creditors would be lacking. We, therefore, confine our discussion to the question whether under the laws of Texas a school district may by legal process compel the holders of its outstanding bonds to consent to a refunding program.

Article 2789, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"Where bonds have been legally issued, or may
be hereafter issued, by any town or village incor-
porated for free school purposes only, or any common
school district, independent school district, con-

solidated common school district, consolidated independent school district, county line school district, consolidated county line school district, or rural high school district, new bonds, bearing the same or a less rate of interest, may when ordered by the governing board thereof be issued either as term bonds or as serial bonds, maturing in either case within forty (40) years from date of issue, and may be made optional on any interest payment date as the governing board shall direct; ***"

We see that a school district is given the right to refund its outstanding bonds. But is this right contingent upon the consent of the bondholders. We are of the opinion that it is, unless, of course, the bonds contain an option clause under which the district may call in the bonds. Dallas County v. Lockhart, 96 S.W. (2d) 60.

This question is somewhat novel in this State. As far as we can determine, the Texas courts have never passed upon the precise point, but we have found language clearly indicating that consent is essential in the instance of non-option bonds.

The Supreme Court of California in the case of Los Angeles County v. Rockhold, 44 Pac. (2d) 340, 100 A.L.R., 149, had before it a question similar to the one under consideration. An Act of the Legislature providing for the refunding of certain bonds was under attack. We quote the following from the opinion of the court:

"The second ground of unconstitutionality urged by respondent is that by the 1933 act the contract of the bondholders has been impaired. As already stated, the act provides that the refunding may take place when 75 per cent. of the holders of outstanding bonds consent. Under the refunding scheme, the nature of the security is changed and the principal and interest of the bonds are reduced. It is plain, therefore, that the obligation of the existing bonds is impaired. As to the 75 per cent. or more bondholders who consent, there is, of course, no complaint. But as to the nonconsenting bondholders, including those who are absent and those incapacitated or incompetent, who may hold up to 25 per cent. of the bonds, there is an obvious impairment, if their bonds are canceled and they are forced to take new bonds with a different security, in a lesser amount, and bearing a reduced interest, or if their security is lessened. * * *"

The refunding act was held invalid upon the grounds, among others, that it failed to protect adequately the rights of the dissenting bondholders. That the same result would be reached by the Texas courts is indicated by the language used in the case of Love v. Rockwall Independent School District, et al., 225 S. W. 263. In that case the question was considered whether a tax levy to pay the interest and provide a sinking fund for a certain issue of bonds was invalid because of the fact that the bonds had not been presented to the Attorney General for his approval. After holding that this fact did not invalidate the levy, the court made the following statement:

"This action of the board of trustees was legal. Besides, just recently the defendants located the holders of said common school district bonds and obtained an agreement that the refunding bonds would be accepted in lieu of common school district bonds, or that they would accept cash out of the proceeds of the sale of the refunding bonds".

We are given no information as to either the refunding plan or the bonds sought to be refunded. It is obvious that either the maturity dates will be changed or the interest rate will be lessened, or both; otherwise, there would be no reason to refund. Whether either of these changes or both are made, the result is the same; the bond contract of the bondholder would be altered. We are of the opinion that this cannot be done without his consent.

In view of the foregoing you are respectfully advised that a school district may not by mandamus compel the holders of its outstanding bonds to consent to a refunding program. Of course, this ruling is limited to non-option bonds. In the absence of option bonds the issuing agency reserves the right to call the bonds in for redemption at stated times. In the case of Dallas County v. Lockhart, supra, it was held that option bonds could be redeemed either by payment or by the issuance of refunding bonds.

APPROVED SEP 9, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED:OPINION COMMITTEE
BY: BWB, CHAIRMAN

GWS-a:wb

Very truly yours
ATTORNEY GENERAL OF TEXAS
By /s/ George W. Sparks
George W. Sparks, Assistant